## GABE DAY v. THE STATE.

### No. 2681.   Decided April 13, 1904.

**Appeal Bond—Complaint or Information.**

In an appeal bond of an appeal from the justice court to the county court, it is required by statute that it should recite that the conviction was on a complaint or information charging appellant with a disdemeanor.

Appeal from the County Court of Freestone.   Tried below before Hon. J. Ross Bell.

Appeal from a dismissal of an appeal from a justice court of a conviction for gaming; penalty, a fine of $10.

No statement necessary.

No brief for appellant on file.

*Howard Martin,* Assistant Attorney-General, for the State.—Art. 889, Code Crim. Proc., as amended by the 27th Leg., p. 291; Xydias v. State, 8 Texas Ct. Rep., 558; 45 Texas Crim. Rep., 422.

HENDERSON, JUDGE.—This case was tried in the justice court and an appeal prosecuted to the county court.   On motion of the county attorney the appeal in the county court was dismissed, on the ground that the bond was defective in not stating that appellant was convicted of a misdemeanor "on an information or complaint."   We have examined the record carefully, and the bond omits to state that there was an information or complaint on which the conviction was had.   This is required by the statute relating to appeals from justice to the county courts.   See amendment to art. 889, Code Crim. Proc., Gen. Laws, 27th Leg., p. 291. An examination of this act of the Legislature shows that it is required that the bond shall describe the judgment appealed from with sufficient certainty to identify it; and that it shall recite that defendant was convicted "on complaint or information" charging him with a misdemeanor, etc.   So, it would seem that in addition to other requisites sufficiently identifying the judgment appealed from, it is required that it be stated that the conviction was "on a complaint or information," as the case may be.   The Legislature evidently intended to simplify the appeal bond for the benefit of appellants, but certain essentials are prescribed and we do not feel authorized to dispense with them.   The judgment is affirmed.

*Affirmed.*